```
                              UNITED STATES DISTRICT COURT
                              FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA      :
                              :
   v.                         :  Criminal Action
                              :  No. 14-141
AHMED ABU KHATALLAH,          :
                              :  July 8, 2014
            Defendant.        :  11:30 a.m.
                              :
............................. :  Washington, D.C.



                     TRANSCRIPT OF STATUS HEARING

           BEFORE THE HONORABLE CHRISTOPHER R. COOPER
                   UNITED STATES DISTRICT JUDGE



  APPEARANCES:
          For the United States:
          MICHAEL DILORENZO, ESQ.
          JULIEANNE HIMELSTEIN, ESQ.
          OPHER SHWEIKI, ESQ.

          For the Defendant:
          MICHELLE PETERSON, ESQ.
          MARY PETRAS, ESQ.




  COURT REPORTER:
  PATRICIA A. KANESHIRO-MILLER, RMR
  Certified Realtime Reporter
  Official Court Reporter
  Room 4704B, U.S. Courthouse
  Washington, D.C. 20001
```

1           PROCEEDINGS
2           THE DEPUTY CLERK:  Criminal Case Number 14-141, United
3    States of America versus Ahmed Abu Khatallah.
4           Counsel, will you please come forward and identify
5    yourselves for the record.
6           From Interpreter Services, we have Adalah Aki, and the
7    interpreter has been sworn.
8           MS. PETERSON:  Good morning, Your Honor.  Michelle
9    Peterson and Mary Petras on behalf of the defendant.
10          THE COURT:  Good morning, Ms. Peterson and Ms. Petras.
11          MR. DiLORENZO:  Good morning, Your Honor.  On behalf
12   of the government, Michael DiLorenzo, Julieanne Himelstein,
13   and Opher Shweiki.  We also have seated at counsel table
14   Special Agent Michael Clarke, Special Agent Justin O'Donnel
15   and FBI Analyst Jamie Jackson.
16          THE COURT:  Good morning, Mr. DiLorenzo.  Good
17   morning, everybody.
18          I apologize for the slight delay.  This is not my only
19   case, and we went a little longer in the hearing than I
20   expected.
21          Good morning, Mr. Khatallah.
22          We're here today on an initial status conference.
23   Mr. Khatallah was arraigned on June the 28th and had his
24   initial detention on July 2nd before Magistrate Judge
25   Robinson.  We're here today for a status conference.

3

1  Mr. Khatallah, you may be wondering why you have had
2  three appearances thus far before three different judges.  The
3  first two judges were magistrates, who generally handle those
4  types of proceedings, but from here on out, you are stuck with
5  me.
6  Before I hear from the parties, I would like to put
7  one thing on the record.  While I do not have a personal
8  relationship or a professional tie with any of the attorneys,
9  it has been reported that my wife formerly supervised the
10  section within the U.S. Attorney's Office which is handling
11  the prosecution.  She left that office in January of 2008,
12  which is well before any of the events that gave rise to this
13  prosecution took place.  So I don't view it as presenting a
14  conflict for me, but I did want to put it on the record in an
15  abundance of caution, particularly for the benefit of the
16  defendant, who may not have read the reporting on this issue.
17  So with that, Mr. DiLorenzo, why don't you start us
18  off.  Where are we?  How do you see the case proceeding in the
19  near term?
20  MR. DiLORENZO:  Thank you, Your Honor, and good
21  morning.
22  Since the Court signed the protective orders, the
23  government has provided a large amount of discovery to defense
24  counsel, both unclassified and classified.  It is my
25  understanding that they are still reviewing some of that

1  material.  I would like to thank the court security officers.
2  They expedited the clearance of one of the defense counsel so
3  that that defense counsel will be able to review this
4  material.
5       The government also met with defense counsel last
6  week, we had a meeting, and yesterday, as well.  And in those
7  meetings we discussed some of the various issues, to include
8  where we saw the case going.  The government also provided,
9  because there is a large amount of material in this case, we
10 provided a general overview of the case and the evidence,
11 which will help the defense in going forward when reviewing
12 the evidence.
13      We also discussed specifically the plan going forward.
14 This is a case that involves an act of extraterritorial
15 terrorism, and as such, it will present very many novel
16 questions of facts and law.  This occurred thousands of miles
17 from the United States.  Immediately after the attack, the FBI
18 led a massive investigation spanning multiple countries.  They
19 conducted hundreds and hundreds of interviews, acquired
20 evidence.  Most of that evidence was acquired abroad.  Many of
21 the witnesses and much of the evidence originates or remain
22 outside the United States.
23      THE COURT:  To what extent does the documentary
24 evidence remain outside the jurisdiction currently?
25      MR. DiLORENZO:  Most of the documentary evidence is

5

1  within the United States, but another complicating factor is
2  some of it remains classified and there's even portions of it
3  that are not in English, require translation.  We see
4  discovery involves thousands of pages.  And, also, quite
5  obviously, there is a need for an interpreter.  As such, this
6  case clearly qualifies as a complex case under the Speedy
7  Trial Act, under 18U.S.C. 3161(h)(7)(A) and (b)(2).  If we
8  were to go forward to trial within 70 days, it would be unfair
9  to the government and also to the defendant, especially to the
10 defendant in light of the significant sentence that he is
11 facing.  In this case, the ends of justice would be served by
12 excludeing time between now and a status in the near future.
13 The government had proposed approximately 45 days.  We have
14 discussed that with defense counsel.  They came back and
15 suggested, due to scheduling, a date in September.  We have
16 spoken to your clerk, and she has indicated that the Court
17 would be available for a status on September 9th, at 11:00
18 a.m.  We have a proposed order.  We didn't have the date.  We
19 could fill that in.  We have shared the proposed order with
20 defense counsel, and I can share it with the Court now or
21 provide it in some other format after this hearing.
22         THE COURT:  You can feel free to pass it up.
23         Ms. Peterson, any objection to excluding the time
24 until the next status from the speedy trial calculation?
25         MS. PETERSON:  Your Honor, I think we have no

1  objection to the Court entering the order that the government
2  is proposing, and I will leave it at that.
3          THE COURT:  Okay.
4          MR. DiLORENZO:  Just between now and the next status
5  date, the government will continue to provide discovery.  We
6  have a professional relationship with defense counsel.  If
7  there are any issues, we believe we can work any issues out,
8  and hopefully we will be able, at the next status, provide a
9  report where we are.
10          THE COURT:  Does the government intend to seek
11  superseding charges, and if so, can you give me a sense of
12  when that might be?
13          MR. DiLORENZO:  We do.  There's a number of variables
14  that come into play.
15          THE COURT:  Might it be prior to the next status?
16          MR. DiLORENZO:  It may, but there's a number of
17  variables.  What we will do, as soon as we know when it is, we
18  will go back to obtain a superseding indictment.  We will
19  notify the Court, and we will notify the defense, as well.
20  But at the next status, we will have more certainty on that.
21          THE COURT:  Ms. Peterson, would you like to add
22  anything?
23          MS. PETERSON:  No, Your Honor.  I think we might
24  dispute whether there's a large volume of discovery that has
25  been provided to us or not, but I think that is just a matter

1   of what one characterizes as large.
2           THE COURT:  Give me a sense as to how much you have
3   been provided.
4           MS. PETERSON:  Some of it is classified yet, but I
5   would say that it wasn't more than we could review within a
6   matter of a couple of hours.  I understand there is a great
7   deal more coming this week, and we will need some time to
8   review that.
9           THE COURT:  Anything else you folks want to raise
10  today or bring to my attention while we're here?
11          MR. DiLORENZO:  Nothing by the government, Your Honor.
12          THE COURT:  Okay.  We will continue the case until the
13  next status conference on September the 9th, at 11:00 a.m.
14  The Court finds that the ends of justice warrant a period of
15  delay resulting from the continuance to be excluded from the
16  applicable speedy trial calculations.  The Court specifically
17  finds that this is an unusual and a complex case with
18  voluminous discovery and discovery located abroad.  The ends
19  of justice will be served by excluding the time associated
20  with the continuance, and these considerations outweigh the
21  public and the defendant's interest in a speedy trial.
22          Unless there is anything else, we will see you in
23  September.
24          Ms. Peterson, do you anticipate any motions by then?
25          MS. PETERSON:  No, Your Honor.  I would expect that

8

1   when we come back in September we'll hopefully be able to tell
2   the Court when we plan to file any motions.
3           THE COURT:  Okay.  Enjoy the rest of your summer.
4       We're adjourned.
5           (Proceedings concluded at 11:32 a.m.)

1  CERTIFICATE OF OFFICIAL COURT REPORTER

2

3       I, Patricia A. Kaneshiro-Miller, certify that the
4  foregoing is a correct transcript from the record of proceedings
5  in the above-entitled matter.

6

7

8  ------------------------------------     ------------------------
9  PATRICIA A. KANESHIRO-MILLER                        DATE