UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | 14-cr-141 (CRC) |
| | : | |
| **AHMED ABU KHATALLAH** | : | |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO OF
THE INDICTMENTAS UNCONSTITUTIONALLY VAGUE AND OVERBROAD**

In resisting Defendant's Motion to Dismiss Counts One and Two of the Indictment as Unconstitutionally Vague and Overbroad [Dkt. #92], the government takes the remarkable position that Mr. Abu Khatallah can be convicted of violating 18 U.S.C. § 2339A, which criminalizes providing material support to terrorists, without any showing of a connection to terrorism or terrorists. *See* Government's Opposition to Defendant's Motion to Dismiss Counts One and Two as Unconstitutionally Vague and Overbroad [Dkt. #100] ("Opposition" or "Opp."). The government takes this remarkable position because it admits, as it must, that 18 U.S.C. § 2339A provides no definition of terrorism or terrorist. *Id.* at 5

The reading of the statute that the government now advances is not only contrary to its plain language and clear intent, it is also contrary to the government's consistent historical enforcement and use of the statute. Moreover, if, as the government argues, the statute criminalizes the provision of material support for any of the enumerated offenses without regard to whether or not the offense is linked to terrorism, then the statute does no more than criminalize committing or aiding and abetting the commission of the predicate offenses. In that

circumstance, the Indictment [Dkt. #19] is multiplicitous because Counts Three through Seventeen already charge aiding and abetting each of the offenses charged as predicate offenses in Counts One and Two. Because the Double Jeopardy Clause prohibits the imposition of multiple punishments for the same offense, either Counts One and Two (charging conspiracy to provide and providing material support for violations of 18 U.S.C. §§ 1116, 1114, 930(c), 844(f), and 1363) or Counts Three through Seventeen (charging the substantive violations of and aiding and abetting violations of §§ 1116, 1114, 930(c), 844(f), and 1363) must be dismissed.

## Argument

I.     **Section 2339A is Vague and Overbroad.**

The government argues that in order to prove Count One, it must prove only "'(1) that [the defendant] entered into a conspiracy; (2) that the objective thereof was to provide material support or resources; and (3) that he then knew and intended that such support or resources would be used in preparation for,' or in carrying out one or more of § 2339A(a)'s enumerated violent offenses," as charged here, a violation of §§ 1116, 1114, 930(c), 844(f), or 1363. Opp. 3 (quoting *United States v. Hassan*, 742 F.3d 104, 140 (4th Cir. 2014)). The government recognizes that none of these enumerated offenses require proof of an element of terrorism, Opp. 7, and argues that § 2339A requires no element of terrorism. Opp. 5-8.

The cases cited by the government did not address the issue presented here. *See, e.g., Hassan*, 742 F.3d at 111 ("The parties and the trial court were in substantial agreement on the essential elements of the offenses tried before the jury."). While a number of courts have addressed the issue of whether the definition of material support in § 2339A(b) is vague, and the government cites many of these authorities, undersigned counsel have found no reported decision in which a court has addressed the issue presented here -- that is the failure of § 2339A

to define terrorism. *See, e.g., United States v. Sattar*, 314 F. Supp. 2d 279, 299-300 (S.D.N.Y. 2004), *aff'd*, 590 F.3d 93 (2d Cir. 2009) (definition of material support not vague as applied). As cited by the government, some courts have held that the scienter requirement in the statute – requiring specific intent that the material support provided will be used in preparation for or carrying out one of the enumerated offense -- saves the definition of material support from being void for vagueness. *See, e.g., United States v. Stewart*, 590 F.3d 93, 118 (2d Cir. 2009). But the requirement of proof of knowledge and intent regarding one of the predicate offenses does not ameliorate the lack of definition of terrorism or save the statute from arbitrary and discriminatory enforcement as to what is or is not "terrorism."

Contrary to the government's argument, the plain language of the statute prohibiting material support "*to terrorists*" demonstrates that the statute requires some connection to terrorism. "Section 2339A . . . is an anti-terrorism law enacted by Congress in 1994 as part of the Violent Crime Control and Law Enforcement Act. Pub.L.No. 103-322, Title XII, § 120005(a), 108 Stat. 1796, 2022 (codified as amendment at 18 U.S.C. § 2339A(a))." *United States v. Shah*, 474 F. Supp. 2d 492, 495 (S.D. N.Y. 2007). The government argues that the title of § 2339A is of no moment in determining its scope. Opp. 5-6 (citing *Bhd. of R. Trainment v. Baltimore & O.R. Co.*, 331 U.S. 519, 528 (1947)). However, "[i]t is undoubtedly a well established principle in the exposition of statutes, that every part is to be considered, and the intention of the legislature to be extracted from the whole." *United States v. Fisher*, 2 Cranch 358, 386 (1805). "[S]tatutory titles and section headings are tools available for the resolution of a doubt about the meaning of a statute." *Florida Dept. of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008) (quotation omitted). Here, the title demonstrates that it is material support *for terrorism* that is prohibited and a violation requires some connection to terrorism.

The statute fails to define terrorism or what makes one of the enumerated predicate offenses an act of terrorism, as opposed to any other violation of the enumerated statutes.

In addition to the plain language of the statute (including the heading), the government's enforcement of § 2339A also demonstrates that the statute is designed to punish material support *for terrorism*. The United States Attorneys' Manual lists § 2339A as one of many "International Terrorism Statutes," *see* U.S. Attorneys' Manual § 9-2.136 (list including "Providing Material Support to Terrorists (18 U.S.C. § 2339A)"), and the government *only* uses § 2339A to prosecute material support for offenses allegedly connected to terrorism. A search of the U.S. Courts electronic case tracking system (PACER) in every federal district reveals that in every case in which the government has charged a violation of 18 U.S.C. § 2339A, the government has alleged that the defendant provide "support to terrorists."[1]

---

[1] *United States v. Kodirov*, 12-cr-052 (N.D. Ala.) (Feb. 10, 2012) (charging "support to terrorists," the Islamic Movement of Uzbekistan); *United States v. Abukhdair*, 12-cr-293 (S.D. Ala.), Dkt. #22 (Dec. 20, 2012) (charging "support to terrorists," Al-Shabaab); *United States v. Alahmedalabdaloklah*, 12-cr-1263 (D. Ariz.), Dkt. #3 (Jun. 28, 2012) (charging "support to terrorists," 1920 Revolution Brigades, an Iraqi insurgent group); *United States v. Jaber*, 05-cr-50030 (W.D. Ark.), Dkt. #23 (Aug. 11, 2005) (charging "support to terrorists," Palestinian Islamic Jihad); *United States v. Teausant*, 14-cr-087 (E.D. Cal.), Dkt. #5 (Mar. 26, 2014) (charging "support to terrorists," the Islamic State in Iraq and Syria, formerly Al-Qaeda in Iraq); *United States v. Hayat*, 05-cr-240 (E.D. Cal.), Dkt. #50 (Sept. 22, 2005) (charging "support to terrorists," receiving "jihadist training" in Pakistan); *United States v. Abdhir*, 07-cr-501 (N.D. Cal.), Dkt. #1 (Aug. 1, 2007) (charging "support to terrorists," Moro Islamic Liberation Front); *United States v. Taalil Mohamud*, 10-cr-4645 (S.D. Cal.), Dkt. #1 (Nov. 19, 2010) (charging "support to terrorists," Al-Shabaab); *United States v. Yusuf*, 10-cr-4551 (S.D.Cal.), Dkt. #1 (Nov. 12, 2010) (charging "support to terrorists," Al-Shabaab); *United States v. Moalin*, 10-cr-4246 (S.D. Cal.), Dkt. #1 (Oct. 22, 2010) (charging "support to terrorists," Al-Shabaab); *United States v. Abu-jihaad*, 07-cr-057 (D. Conn.), Dkt. #6 (Mar. 21, 2007) (charging "support to terrorists," Taliban via Azzam Publications); *United States v. Ahsan*, 06-cr-194 (D. Conn.), Dkt. #1 (Jun. 28, 2006) (charging "support to terrorists," Taliban via Azzam Publications); *United States v. Ahmad*, 04-cr-301 (D. Conn.), Dkt. #8 (Oct. 6, 2004) (charging "support to terrorists," Chechen Mujahideen and Taliban); *United States v. Demirtas*, 11-cr-356 (D.D.C.), Dkt. #3 (Dec. 8, 2011) (charging "support to terrorists," the Islamic Movement of Uzbekistan); *United States v. Garcia*, 10-cr-339 (D.D.C.), Dkt. #1 (Dec. 14, 2010) (charging "support to terrorists," Fuerzas Armadas Revolucionarias de Colombia ("FARC")); *United States v. Mendoza*, 08-cr-238 (D.D.C.), Dkt.

#1 (Aug. 1, 2008) (charging "support to terrorists," FARC); *United States v. Fuerzas Armadas Revolucionarias de Colombia*, 04-cr-232 (D.D.C.), Dkt. #323 (Jul. 2, 2007) (charging "support to terrorists," FARC); *United States v. Bell*, 13-cr-141 (M.D. Fla.), Dkt. #1 (Jul. 18, 2013) (charging "support to terrorists," Al-Qaeda in the Arabian Peninsula); *United States v. Sherif Mohamed*, 07-cr-342 (M.D. Fla.), Dkt. #268 (Jun. 13, 2008) (charging "support to terrorists," producing Arabic-language bomb-making materials "to be used against those who fight for the United States"); *United States v. Beauregard*, 99-cr-410 (M.D. Fla.), Dkt. #1 (Dec. 2, 1999) (charging "support to terrorists," 77th Regiment Militia, Southeast States Alliance); *United States v. Suarez*, 15-cr-10009 (S.D. Fla.), Dkt. #13 (Aug. 6, 2015) (charging "support to terrorists," Islamic State of Iraq and the Levant); *United States v. Kauser Mohammed*, 13-cr-20364 (S.D. Fla.), Dkt. #3 (May 22, 2013) (charging "support to terrorists," Al-Qaeda, Jabhat Al-Nusra, and Al-Shabaab); *United States v. Alam Qazi*, 12-cr-60298 (S.D. Fla.), Dkt. #26 (Dec. 20, 2012) (alleging "support to terrorists," Al-Qaeda); *United States v. Khan*, 11-cr-20331 (S.D. Fla.), Dkt. #3 (May 13, 2011) (charging "support to terrorists," Tehrik-e Taliban Pakistan); *United States v. Mcfield-Bent*, 11-cr-20026 (S.D. Fla.), Dkt. #1 (Jan. 10, 2011) (charging "support to terrorists," Autodefensas Unidas de Colombia); *United States v. Batiste*, 06-cr-20373 (S.D. Fla.), Dkt. #3 (Jun. 26, 2006) (charging "support to terrorists," Al-Qaeda); *United States v. Salamanca*, 06-cr-20001 (S.D. Fla.), Dkt. #3 (Feb. 24, 2006) (charging "support to terrorists," FARC); *United States v. Hassoun,* 04-cr-60001 (S.D. Fla.), Dkt. #1280 (Nov. 29, 2011) (charge of "support to terrorists," Al-Qaeda); *United States v. Smyth*, 99-cr-6176 (S.D. Fla.), Dkt. #165 (Jan. 19, 2000) (charging "support to terrorists," Provisional Irish Republican Army); *United States v. Kurbanov*, 13-cr-120 (D. Idaho), Dkt. #1 (May 16, 2013) (charging "support to terrorists," the Islamic Movement of Uzbekistan); *United States v. Al-Hussayen*, 03-cr-048 (D. Idaho), Dkt. #486 (Mar. 04, 2004) (charging "support to terrorists," HAMAS); *United States v. Masri*, 10-cr-655 (N.D. Ill), Dkt. #1 (Aug. 3, 2010) (alleging "support to terrorists," Al-Qaeda and Al-Shabaab); *United States v. Kashmiri*, 09-cr-830 (N.D. Ill), Dkt. #1 (Oct. 11, 2009) (alleging "support to terrorists," Lashkar-e-Taiba and Harakut-ul Jihad Islami); *United States v. Benevolence International Foundation, Inc.*, 02-cr-892 (N.D. Ill), Dkt. #1 (Sept. 13, 2002) (alleging "support to terrorists," Al-Qaeda); *United States v. Loewen*, 13-cr-10200 (D. Kan.), Dkt. #1 (Dec. 13, 2013) (alleging "support to terrorists," Al-Qaeda in the Arabian Peninsula); *United States v. Alwan*, 11-cr-013 (W.D. Ky.), Dkt. #106 (Jan. 16, 2013) (charging "support to terrorists," Al-Qaeda in Iraq); *United States v. Santhirajah*, 08-cr-091 (D. Md.), Dkt. #62 (Oct. 18, 2010) (charging "support to terrorists," Liberation Tigers of Tamil Eelam); *United States v. Ranjha*, 07-cr-239 (D. Md.), Dkt. #1 (May 23, 2007) (charging "support for terrorists," Al-Qaeda); *United States v. Wright*, 15-cr-10153 (D. Mass.), Dkt. #4 (Jun. 12, 2015) (alleging "support to terrorists," Islamic State of Iraq and the Levant); *United States v. Ferdaus*, 11-cr-10331 (D. Mass.), Dkt. #6 (Sept. 29, 2011) (charging "support for terrorists," Al-Qaeda); *United States v. Mehanna*, 09-cr-10017 (D. Mass.), Dkt. #38 (Nov. 5, 2009) (charging "support to terrorists," Al-Qaeda); *United States v. Koubriti*, 01-cr-80778 (E.D. Mich.), Dkt. #152 (Aug. 28, 2002) (charging "support to terrorists," Al-Qaeda); *United States v. Assi*, 98-cr-80695 (E.D. Mich.), Dkt. #12 (Aug. 04, 1998) (charging "support to terrorists," Hizballah); *United States v. Mohamud*, 11-cr-191 (D. Minn.), Dkt. #1 (Jun. 07, 2011) (charging "support to terrorists," Al-Shabaab); *United States v. Mohamed*, 09-cr-352 (D. Minn.), Dkt. #168 (Apr. 19, 2013) (charge of "support to terrorists," Al-Shabaab); *United States v. Omar*, 09-cr-242 (D. Minn.), Dkt. #1 (Aug. 20, 2009) (charging "support to terrorists," Al-Shabaab); *United States v. Isse*, 09-cr-050

(D. Minn.), Dkt. #137 (Apr. 19, 2013) (charge of "support to terrorists," Al-Shabaab); *United States v. Hassan*, 09-cr-038 (D. Minn.), Dkt. #68 (May 30, 2013) (charge of "support to terrorists," Al-Shabaab); *United States v. Ranson*, 05-cr-016 (S.D. Miss.), Dkt. #14 (Feb. 18, 2005) (charge of "support to terrorists," Abu Sayyaf); *United States v. Hodzic*, 15-cr-049 (E.D. Mo.), Dkt. #1 (Feb. 05, 2015) (charging "support to terrorists," Al-Qaida in Iraq, Islamic State of Iraq and the Levant, Jabhat Al-Nusrah); *United States v. Yusuf*, 10-cr-547 (E.D. Mo.), Dkt. #2, (Oct. 21, 2012) (charging "support to terrorists," Al-Shabaab); *United States v. Singh*, 13-cr-117 (D. Nev.), Dkt. #1 (Dec. 18, 2013) (charging "support to terrorists," Babbar Khalsa International and Khalistan Zinzabad Force);  *United States v. Topaz*, 15-cr-450 (D.N.J.), Dkt. #10 (Sept. 9, 2015) (charging "support to terrorists," Islamic State of Iraq and the Levant); *United States v. Lakhani*, 03-cr-880 (D.N.J.), Dkt. #14 (Dec. 18, 2003) (charging "support to terrorists," attempting to sell "missiles . . . to be used in a 'jihad' against American commercial aircraft"); *United States v. Al Farekh*, 15-cr-169 (E.D.N.Y.), Dkt. #1 (Jan. 08, 2015) (alleging "support to terrorists," Al-Qaeda); *United States v. Pugh*, 15-cr-116 (E.D.N.Y.), Dkt. #1 (Jan. 16, 2015) (alleging "support to terrorists," Islamic State of Iraq and the Levant); *United States v. Juraboev*, 15-cr-095 (E.D.N.Y.), Dkt. #1 (Feb. 24, 2015) (alleging "support to terrorists," Al-Qaeda in Iraq); *United States v. Al-Hamidi*, 15-cr-056 (E.D.N.Y.), Dkt. #1 (Apr. 2009) (alleging "support to terrorists," Al-Qaeda); *United States v. Kaliebe*, 13-cr-072 (E.D.N.Y.), Dkt. #1 (Jan. 22, 2013) (alleging "support to terrorists," Al-Qaeda in the Arabian Peninsula); *United States v. Isa*, 11-cr-819 (E.D.N.Y.), Dkt. #1 (Jan. 14, 2011) (alleging "support to terrorists," operating a "facilitation network [that] has carried out at least two suicide bomb attacks in Iraq"); *United States v. Habajrami*, 11-cr-623 (E.D.N.Y.), Dkt. #148 (Aug. 11, 2015) (charge of "support to terrorists," Tehrik-e Taliban Pakistan and Islamic Jihad Union); *United States v. Medunjanin*, 10-cr-019 (E.D.N.Y.), Dkt. #1 (Jan. 08, 2010) (charging "support to terrorists," Al-Qaeda); *United States v. Zazi*, 10-cr-013 (E.D.N.Y.), Dkt. #5 (Jan. 08, 2010) (information as to the charge of "support to terrorists," Al-Qaeda); *United States v. Kaziu*, 09-cr-660 (E.D.N.Y.), Dkt. #259 (Feb. 28, 2012) (charge of "support to terrorists," Al-Qaeda, the Taliban, Al-Shabaab); *United States v. Hadzovic*, 09-cr-648 (E.D.N.Y.), Dkt. #49 (Apr. 15, 2015) (charge of "support to terrorists," Al-Shabaab); *United States v. Defreitas*, 07-cr-543 (E.D.N.Y.), Dkt. #503 (Feb. 02, 2011) (charge of "support to terrorists," "the defendant spent years planning how to commit a terrorist attack at JFK Airport"); *United States v. Taleb-Jedi*, 06-cr-652 (E.D.N.Y.), Dkt. #20 (Sept. 29, 2006) (charging "support to terrorists," Mujahideen-e Khalq Organization); *United States v. Thavaraja*, 06-cr-616 (E.D.N.Y.), Dkt. #1 (Aug. 16, 2006) (alleging "support to terrorists," Liberation Tigers of Tamil Eelam); *United States v. Sarachandran*, 06-cr-615 (E.D.N.Y.), Dkt. #24 (Sept. 14, 2006) (charging "support to terrorists," Liberation Tigers of Tamil Eelam); *United States v. Awan*, 06-cr-154 (E.D.N.Y.), Dkt.255 (Feb. 15, 2012) (charge of "support to terrorists," Khalistan Commando Force); *United States v. Singh*, 06-cr-108 (E.D.N.Y.), Dkt. #6 (Feb. 21, 2006) (charging "support to terrorists," Khalistan Commando Force); *United States v. Aref*, 04-cr-402 (N.D.N.Y.), Dkt. #422 (Jan. 29, 2007) (charge of "support to terrorists," Jaish-e-Muhammad); *United States v. Pham*, 12-cr-423 (S.D.N.Y.), Dkt. #3 (May 24, 2012) (charging "support to terrorists," Al-Qaeda in the Arabian Peninsula); *United States v. El-Hanafi*, 10-cr-162 (S.D.N.Y.), Dkt. #6 (Mar. 02, 2012) (charging "support to terrorists," Al-Qaeda); *United States v. Ahmed*, 10-cr-131 (S.D.N.Y.), Dkt. #2 (Feb. 22, 2012) (charging "support to terrorists," Al-Shabaab); *United States v. Nayyar*, 09-cr-1037 (S.D.N.Y.), Dkt. #1 (Oct. 26, 2009) (charging "support to terrorists," Hizballah); *United States v. Cordoba-Bermudez*, 08-cr-1290 (S.D.N.Y.),

---

Dkt. #1 (Feb. 05, 2009) (charging "support to terrorists," FARC); *United States v. Al Kassar*, 07-cr-354 (S.D.N.Y.), Dkt. #1 (May 29, 2007) (charging "support to terrorists," Palestinian Liberation Front); *United States v. Alishtari,* 07-cr-115 (S.D.N.Y.), Dkt. #1 (Feb. 14, 2007) (charging "support to terrorists," "transferred…funds that he believed were being sent to Pakistan and Afghanistan to be used to support a terrorist training camp…"); *United States v. Iqbal*, 06-cr-1054 (S.D.N.Y.), Dkt. #9 (Nov. 15, 2006) (charging "support to terrorists," Hizballah); *United States v. Hashmi*, 06-cr-442 (S.D.N.Y.), Dkt. #1 (May 24, 2006) (charging "support to terrorists," Al-Qaeda); *United States v. Shah*, 05-cr-673 (S.D.N.Y.), Dkt. #9 (Jun. 27, 2005) (charging "support to terrorists," Al-Qaeda); *United States v. Babar*, 04-cr-528 (S.D.N.Y.), Dkt. #2 (Jun. 03, 2004) (charging "support to terrorists," Al-Qaeda); *United States v. Mustafa*, 04-cr-356 (S.D.N.Y.), Dkt. #5 (Sept. 12, 2005) (charging "support to terrorists," Al-Qaeda); *United States v. Paracha*, 03-cr-1197 (S.D.N.Y.), Dkt. #82 (Jan. 03, 2006) (charging "support to terrorists," Al-Qaeda); *United States v. Sattar*, 02-cr-395 (S.D.N.Y.), Dkt. #806 (Oct. 25, 2005) (charging "support to terrorists," Islamic Group); *United States v. Hage*, 98-cr-1023 (S.D.N.Y.), Dkt. #1077 (Jan. 07, 2011) (charge of "support to terrorists," Al-Qaeda); *United States v. Elfgeeh*, 14-cr-6147 (W.D.N.Y.), Dkt. #12 (Sept. 16, 2014) (charging "support to terrorists," Islamic State of Iraq and the Levant); *United States v. Goba*, 02-cr-214 (W.D.N.Y.), Dkt. #310 (Dec. 09, 2013) (charge of "support to terrorists," Al-Qaeda); *United States v. Brown*, 14-cr-058 (E.D.N.C.), Dkt. #1 (Mar. 20, 2014) (alleging "support to terrorists," "travel overseas for purposes of violent jihad"); *United States v. Boyd*, 09-cr-216 (E.D.N.C.), Dkt. #3 (Jul. 22, 2009) (charging "support to terrorists," "assist in arranging overseas travel and contacts so the others could wage violent jihad"); *United States v. Hammoud*, 00-cr-147 (W.D.N.C.), Dkt. #975 (Jul. 14, 2005) (charge of "support to terrorists," Hizballah); *United States v. Amawi*, 06-cr-719 (N.D. Ohio), Dkt. #1 (Feb. 16, 2006) (charging "support to terrorists," "recruit others to train for violent jihad against the United States and its allies in Iraq, and elsewhere…"); *United States v. Mohamud*, 15-cr-095 (S.D. Ohio), Dkt. #1 (Apr. 16, 2015) (charging "support to terrorists," Al-Nusrah Front); *United States v. Paul*, 07-cr-087 (S.D. Ohio), Dkt. #3 (Apr. 11, 2007) (charging "support to terrorists," Al-Qaeda); *United States v. Abdi*, 04-cr-088 (S.D. Ohio), Dkt. #217 (Jul. 23, 2007) (charging "support to terrorists," Al-Qaeda); *United States v. Khan*, 12-cr-659 (D. Or.), Dkt. #1 (Dec. 27, 2012) (charging "support to terrorists," providing funding for Al-Qaeda-linked individuals ); *United States v. Damache*, 11-cr-420 (E.D. Pa.), Dkt. #9 (Oct. 20, 2011) (charging "support to terrorists," violent jihad); *United States v. LaRose*, 10-cr-123 (E.D. Pa.), Dkt. #23 (Mar. 04, 2010) (charging "support to terrorists," violent jihad); *United States v. Reynolds*, 05-cr-493 (M.D. Pa.), Dkt. #80 (Oct. 03, 2006) (charging "support to terrorists," Al-Qaeda); *United States v. Maldonado*, 07-cr-124 (S.D. Tex.), Dkt. #1 (Feb. 13, 2007) (charging "support to terrorists," Al-Qaeda in Somalia-Al-Shabaab); *United States v. Varela*, 02-cr-714 (S.D. Tex.), Dkt. #143 (Jan. 09, 2006) (charging "support to terrorists," Autodefensas Unidas de Colombia); *United States v. Wolfe*, 14-cr-213 (W.D. Tex.), Dkt. #1 (Jun. 18, 2014) (alleging "support to terrorists," Jabhat Al-Nusra and Islamic State of Iraq and Syria); *United States v. Khan*, 14-cr-212 (W.D. Tex.), Dkt. #1 (Jun. 17, 2014) (alleging "support to terrorists," Al-Shabaab); *United States v. Hamidullin*, 14-cr-140 (E.D. Va.), Dkt. #1 (Oct. 08, 2014) (charging "support to terrorists," Taliban and Haqqani Network); *United States v. Ahmed*, 10-cr-413 (E.D. Va.), Dkt. #1 (Oct. 26, 2010) (charging "support to terrorists," Al-Qaeda); *United States v. Abu Ali*, 05-cr-053 (E.D. Va.), Dkt. #170 (Sept. 06, 2005) (charging "support to terrorists," Al-Qaeda); *United States v. Royer*, 03-cr-296 (E.D. Va.), Dkt. #770 (Nov. 04, 2014) (charging "support to

While the government now claims that the "to terrorists" portions of the material support charged in Counts One and Two are surplusage, Opp. 6 n.3, this "surplusage" has been charged in every indictment charging a violation of § 2339 since its enactment, demonstrating that the government has enforced the statute only when it alleges that material support was provided in aid of terrorism.  The constitutional problem, as set forth in the Motion, is that Congress gave the government no guidance in defining "terrorism."

The government argues that "'[m]aterial support' is statutorily defined, *see* 18 U.S.C. § 2339A(b), and the statute's scienter requirement narrows its application to only those persons who specifically intend to provide such support for the purpose of violating the criminal offenses identified in § 2339A(a)." Opp. 8 n.6.  But this argument completely ignores the fact that anyone who violates one of the predicate offenses -- either by being a principal or an aider and abettor -- provides "material support"  (at a minimum, by providing themselves as "personnel") for the commission of the offense.  For example, anyone who murders an officer or employee of the United States, in violation of § 1114, provides material support for that offense, but not every individual charged with a violation of § 1114 is also charged with a violation of § 2339A; only the violations of § 1114 related to terrorism (as the government, without statutory guidance, defines terrorism) are also charged under § 2339A.  *Compare Purnell v. United States*, No. 12 CR 006 (PAE), 2015 WL 4503626 (S.D.N.Y. Jul. 23, 2015) (defendant accused of attacking

---

terrorists," Al-Qaeda, Taliban, and Lashkar-e-Taiba); *United States v. Brice*, 11-cr-075 (E.D. Wash.), Dkt. #404 (May 23, 2013) (charge of "support to terrorists," jihad and terrorist activities).  This list does not include the cases field in the Central District of California, the Northern District of Georgia, the Southern District of Indiana, or the District of New Hampshire, because the PACER systems in those districts do not allow for searches by offense charged.  The one reported case arising out of the Central District of California demonstrates that, as in every other district, § 2339A is charged only when there is an alleged connection to terrorism.  *See United States v. Kabir*, 2015 WL 631951 (C.D. Cal. Feb. 13, 2015) (charging "support to terrorists," Al-Qaeda).  Counsel found no reported cases from the Northern District of Georgia, the Southern District of Indiana or the District of New Hampshire.

officers or employees at Veterans Affairs Medical Center charged only with violation of § 1114) *with United States v. Hamidullin,* 2015 WL 4241397, at *2, -- F. Supp. 3d -- (E.D. Va. July 13, 2015) (defendant accused of attacking officers or employees at U.S. military based charged with violations of § 1114 and § 2339A, presumably because of alleged association with Taliban). The statute is vague because it fails to provide any guidance to distinguish between those who provide material support for an ordinary offense and those that provide support in furtherance of terrorism, warranting the application of the additional penalties provided in § 2339A.

**II.     The Indictment is Multiplicitous.**

If, as the government claims, § 2339A requires no link to terrorism, the statute punishes only aiding and abetting or committing one of the predicate offenses and is no different than punishing a violation of the predicate offense. The Double Jeopardy Clause prohibits the imposition of multiple punishments for the same offense. *United States v. Mahdi*, 598 F.3d 883, 887 (D.C. Cir. 2010) ("When an indictment charges the same offense in more than one count, it often creates a problem known as 'multiplicity,' . . . because the Double Jeopardy Clause protects not only against a second prosecution for the same offense after acquittal or conviction, but also against multiple punishments for the same offenses[.]" (quotations omitted)). "Multiplicitous charges 'improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes.'" *United States v. Morrow*, 2015 WL 1955462, at *8, -- F. Supp. 3d -- (D.C. Cir. Apr. 30, 2015) (quotation omitted). "An indictment is multiplicitous, and thereby defective, if a single offense is alleged in a number of counts, unfairly increasing a defendant's exposure to criminal sanctions." *United States v. Anderson*, 39 F.3d 331, 353-54 (D.C. Cir. 1994), *rev'd en banc*, 59 F.3d 1323 (D.C. Cir. 1995), *quoted in Morrow*, 2015 WL 1955462 *8.

The *Blockburger* test is used to determine if two counts are multiplicitous: "'[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not,' i.e. whether either is a lesser included offense of the other." *Mahdi,* 598 F.3d at 888 (internal quotations omitted).  As defined by the government, providing material support in violation of § 2339A is the same offense as aiding and abetting or committing the predicate offenses listed in § 2339A -- neither requires proof of a fact that the other does not.  *See Khulumani v. Barclay Nat. Bank Ltd.*, 504 F.3d 254, 318 (2d Cir. 2007) (noting that § 2339A and aiding and abetting both require knowledge of criminal venture and intent to help crime succeed).  If no element of terrorism is required, anyone who provides material support knowing and intending that the support will be used to carrying out one of the predicate offenses, also aids and abets or commits the underlying offense.

As the D.C. Circuit has recognized, punishing the same conduct twice is permissible when there is a clear legislative intent to do so.  *See Morrow*, 2015 WL 1955462 *8.  Here, however, while Congress may have intended to punish the § 2339A predicate offenses twice, the clear intent of Congress -- given the title of the offense ('Providing material support to terrorists") and its placement in the "Terrorism" chapter of Title 18 -- was to punish such conduct twice *only* when it related to terrorism.  Because, according to the government's argument, no evidence of terrorism is necessary to prove the offense, the statute fails to limit dual punishments to its intended targets.  Charging both material support and the predicate offenses, therefore, is unconstitutionally multiplicitous.  The government must elect between proceeding on the material support charges in Counts One and Two and proceeding on the substantive offenses charged in Counts Three through Seventeen.  *See United States v. Universal*

*C.I.T. Credit Corp.*, 344 U.S. 218 (1952) (Even if a multiplicity problem can be cured after trial, the proper remedy for a multiplicity objection raised pretrial is to require the government to elect between counts.); *United States v. Carter*, 576 F.2d 1061, 1064 (3d Cir. 1978) (Forcing a defendant to proceed to trial on multiplicitous counts is prejudicial because it "creat[es] the impression of more criminal activity on his part than in fact may have been present." ).

## Conclusion

For these reasons and for the reasons set forth in the Motion, § 2339A is an impermissibly vague and overbroad statute, in violation of the Due Process Clause and the First Amendment, and the Court should dismiss Counts One and Two of the Indictment. Alternatively, the Indictment is unconstitutionally multiplicitous and the Court should require the government to elect between proceeding with Counts One and Two or proceeding with Counts Three through Sixteen.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
MICHELLE M. PETERSON
MARY MANNING PETRAS
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500
shelli_peterson@fd.org
mary_petras@fd.org

RICHARD JASPER (N.Y. Bar # 1975739)
276 Fifth Avenue, Suite 501
New York, New York  10001
(212) 689-3858 (voice)
(212) 689-0669 (facsimile)
ricjasp@aol.com

                ERIC L. LEWIS (D.C. Bar #394643)
                JEFFREY D. ROBINSON (D.C. Bar #376037)
                LEWIS BAACH PLLC
                1899 Pennsylvania Avenue, N.W., Suite 600
                Washington, D.C.  20006
                (202) 833-8900 (voice)
                (202) 466-5738 (facsimile)
                eric.lewis@lewisbaach.com
                jeffrey.robinson@lewisbaach.com

Counsel for Ahmed Abu Khatallah