UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 14-141 (CRC) |
| | : | |
| AHMED SALIM FARAJ ABU KHATALLAH, | : | |
| | : | |
| also known as "Ahmed Abu Khatallah," | : | |
| also known as "Ahmed Mukatallah," | : | |
| also known as "Ahmed Bukatallah," and | : | |
| and also known as "Sheik," | : | |
| Defendant. | : | |

**PARTIES' JOINT SUBMISSION REGARDING HEARING
ON DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

The parties submit this joint statement regarding the upcoming hearing on the defendant's motion to suppress his custodial statements.

**I.  Introduction.**

The Court held a sealed CIPA status hearing in this matter on April 11, 2017. At that time, the parties discussed certain aspects of the upcoming hearing on the defendant's motion to suppress his custodial statements. And the Court ordered the parties to make a submission addressing these issues. Accordingly, the parties submit the following regarding: (1) the hearing schedule, (2) bifurcation of the hearing, (3) use of classified materials at the hearing, (4) witnesses, and (5) the defense expert.

**II.  Hearing Schedule.**

The parties request that the Court recess at noon on Tuesday and Friday, May 16 and 19, 2017. The government believes that it can present its case in approximately seven hearing

days.

### III. Bifurcation of the Hearing.

The defendant made two sets of statements to U.S. authorities: (1) statements to an intelligence team and (2) statements to a law enforcement team. The government's prosecution team was not involved with the intelligence interviews and does not know the content of any statements the defendant made during those sessions. Accordingly, the government has assigned a "filter team" to address any relevant issues arising from the intelligence interviews.

At the suppression hearing, with the Court's permission, the filter team will handle issues related to the intelligence interviews. It is anticipated that the filter team will call two witnesses. The government asks to conduct this portion of the hearing near the beginning; perhaps on Thursday, May 11. Previously, the government submitted an unopposed request to hold that portion of the suppression hearing under seal in order to prevent the disclosure of classified information,[1] which the Court granted on April 18, 2017 [ECF #192].

### IV. Status of Classified Documents for use at the Hearing.

The defense has indicated that it intends to disclose certain classified information at the suppression hearing. The parties have conferred and agreed to the declassification (with certain redactions and substitutions) of those documents for the most part.[2] Nevertheless, certain

---

[1] *See United States v. Perry*, 479 F.3d 885. 889 (D.C. Cir, 2007) (following *Waller v. Georgia*, 467 U.S. 39, 45 (1984)); *Baker v. United States*, 401 F.2d 958, 978 n. 91 (D.C. Cir. 1968) (pre-*Waller*); *United States v. Poindexter*, 732 F. Supp. 165, 168 fn. 11 (D.D.C. 1990); *United States v. Marzook*, 412 F. Supp. 2d 913, 925 (N.D. Il. 2006); *United States v. Pelton*. 696 F. Supp. 156, 159 (D. Md. 1986); *United States v. Medunjanin*, No. 10 CR 19-1(JG), 2012 WL 5839334 (E.D.N.Y. Nov. 16, 2012).

[2] While the scheduling order indicated that the documents were to be provided by April 19, 2017, due to certain issues with the relevant equity holders, the government provided these materials in batches, with the first batch being produced on April 25 and the most recent on April 28. The parties are still working through certain outstanding documents and some issues related to these materials. Nevertheless, the parties are confident that any outstanding issues can be resolved.

documents or portions of documents remain classified.

To the extent the remaining classified materials are relevant at the suppression hearing, the parties intend to utilize the "silent document rule" (*i.e.* "talk around them").  More specifically, the classified material will be made available to the witness, the Court, counsel, and the defendant but not discussed in open court.[3]  *See United States v. Zettl*, 835 F.2d 1059, 1063 (4th Cir. 1987) (noting the district court's approval of use of the silent witness rule); *United States v. George*, No. 92-0215(RCL), 1992 WL 200027, at *3 (D.D.C. July 29, 1992) ("The witnesses' names shall not be disclosed publicly. Rather, their true names shall be disclosed only to defendant, the court, government's counsel and the jury by way of a 'key card,' and the key card shall be filed under seal in this matter."); *United States v. Pelton*, 696 F. Supp. 156, 157-60 (D.Md.1986) (allowing recorded conversations containing classified information to be played only to the court, counsel, defendant, and the jury, while making only a redacted trial transcript available to the public); Reggie B. Walton, PREFACE: PROSECUTING INTERNATIONAL TERRORISM CASES IN ARTICLE III COURTS, 39 Geo. L.J. Ann. Rev. Crim. Proc. III (2010), at n. 112 ("CIPA [] grant[ed] federal judges the power 'to fashion creative and fair solutions' to the problems raised by use of classified information in trials, and that the silent witness rule is exactly the type of judicially-created solution Congress envisioned."); *cf. United States v. North*, No. 88-0080-02, 1988 WL 148481, at *3 (D.D.C. Dec. 12, 1988) (rejecting the use of the silent witness rule in "this particular case which will involve thousands of pages of redacted material and numerous substitutions" without addressing its applicability in other

---

[3] With respect to the use of classified materials in court, CIPA specifically provides:  (a) Classification status Writings, recordings, and photographs containing classified information may be admitted into evidence without change in their classification status.  18 U.S.C.A. § APP. 3 § 8.

contexts).[4]

**V.      Witnesses.**

The government intends to call the following witnesses at the suppression hearing:

(1) Captain of the USS *New York*,
(2) FBI linguist;
(3) FBI agent, who interviewed the defendant;
(4) FBI agent who was present when the defendant was apprehended;
(5) former U.S. ambassador to Libya;
(6) FBI agent, who wrote an email cited by the defense;
(7) FBI Deputy Assistant Director, International Operations Division;
(8) DOD personnel, who guarded the defendant on the ship;
(9) Department of State, Acting Counterterrorism Coordinator;
(10) FBI agent who was present on the USS *New York*;
(11) DOJ Deputy Assistant Attorney General Bruce Swartz;
(12) the doctor who attended to the defendant on the USS *New York*\*;
(13) Interagency Intelligence Team Leader (filter witness #1); and
(14) Interagency Intelligence Team Member (filter witness #2).\*

(The government asks (and the defense does not oppose) that the witnesses, designated by an asterisk, be allowed to testify under a pseudonym and not reveal the specifics of their government employment.)[5]

The defense intends to call an expert (*See* §V, *infra*) and a State Department official, who was involved in the transfer of the defendant.   The government has agreed to help facilitate this official's appearance.   As she is currently posted to Malaysia, the parties ask that she be allowed to testify by video teleconference.

---

[4]      The government intends to have the final unclassified versions of the briefs ready to be filed on ECF on May 2, 2917.

[5]      *See, e.g. United States v. Ellis*, 468 F.2d 638 (9th Cir. 1972) (affirming district court's refusal to allow defendant to elicit witness's correct name, residence, and occupation because of potential harm to the witness); *Untied States v. Fuentes*, 988 F. Supp. 861 (E.D. Pa. 1977) (Confrontation Clause does not require revelation of an undercover narcotics agent's identity in open court).

4

**VI.      Defense Expert.**

The defense has indicated that they intend to call Dr. Hawthorne Smith as an expert at the hearing on the defendant's motion to suppress his statements. (Letter dated April 7, 2017 (Attached as Exhibit A).) It is anticipated that he would testify as follows:

> The Defense anticipates calling Dr. Smith to testify on the practical effects of the defendant's long first-hand exposure to torture and extreme human rights abuses in Libya, including whether he would have been capable of providing a knowing waiver of his right to an attorney under the circumstances of his abduction in Libya and the manner in which he was questioned by the FBI on the American warship prior to his arrival in the United States.

*Id.*

In the interest of judicial economy, the government does not object to the presentation of this testimony at the suppression hearing. The government, however, reserves its right to challenge such testimony should the defense offer it at trial.

**VII.   Conclusion.**

The parties respectfully submit the foregoing joint submission.

                    Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
D.C. Bar Number 415793

_____/s/_____
Michael C. DiLorenzo
MD Bar No. 931214 0189
Julieanne Himelstein
D.C. Bar No. 417136
Opher Shweiki
D.C. Bar No. 458776
John Crabb Jr.
N.Y. Bar No. 2367670
Assistant United States Attorneys
National Security Section
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7809
michael.dilorenzo@usdoj.gov


A.J. KRAMER
FEDERAL PUBLIC DEFENDER
_____/s/_____
MICHELLE M. PETERSON
MARY MANNING PETRAS
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500
shelli_peterson@fd.org
mary_petras@fd.org

ERIC L. LEWIS (D.C. Bar #394643)
JEFFREY D. ROBINSON (D.C. Bar #376037)
LEWIS BAACH PLLC
1899 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C. 20006
(202) 833-8900 (voice)
(202) 466-5738 (facsimile)
eric.lewis@lewisbaach.com
jeffrey.robinson@lewisbaach.com

Counsel for Ahmed Abu Khatallah