UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 14-141 (CRC) |
| | : | |
| AHMED SALIM FARAJ ABU KHATALLAH, | : | |
| | : | |
| also known as "Ahmed Abu Khatallah," | : | |
| also known as "Ahmed Mukatallah," | : | |
| also known as "Ahmed Bukatallah," and | : | |
| and also known as "Sheik," | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENSE'S
REQUEST FOR A SPECIAL UNANIMITY INSTRUCTION**

The government opposes the defense's request for a special unanimity instruction:

The defense has requested that the Court give Instruction 2.406 – Special Unanimity. As the commentary for this instruction explains, it should be given "whenever a count is duplicative . . . ." CRIMINAL JURY INSTRUCTION FOR THE DISTRICT OF COLUMBIA, Instr. 2.406, comm. Duplicity occurs when an indictment charges two or more separate and distinct offense in a single count. *See, e.g., United States v. Hubbell*, 177 F.3d 11, 14 (D.C. Cir. 1999). To the contrary, a charge, in a single count, that alleges different means the defendant might have used to commit the offense is not duplicitous. *See* Fed. R. Crim. P. 7(c)(1) (a count may allege "that the defendant committed [the offense] by one or more means"); *see, e.g. United States v. Stewart*, 433 F.3d 273, 319 (2d Cir. 2006) (indictment charging "several different types of fraudulent conduct" not duplicitous because not different offenses but rather means of committing a single offense).

Here, the pertinent counts (Counts 1 and 18) do not charge two or more offenses, respectively. Instead, they allege different means by which the defendant committed the crime. Accordingly, they are not duplicitous, so the defense's request for a special unanimity instruction with respect to those counts is misplaced.

> In *Schad*, a defendant had been convicted under a first-degree murder statute that defined mens rea as either premeditated killing or felony murder. The defendant argued that the trial court was obliged by the Sixth Amendment to give a special unanimity instruction, such that he could not be convicted of first-degree murder based on some jurors voting premeditated killing and others voting felony murder. The Supreme Court affirmed the conviction. Justice Souter, joined by Chief Justice Rehnquist and Justices O'Connor and Kennedy, rejected the idea that the Sixth Amendment requires jury unanimity as to the means by which a crime was committed. *Id.* at 631, 111 S.Ct. 2491 (plurality opinion) ("We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission...."). In his separate opinion, Justice Scalia agreed that unanimity as to means is unnecessary. *Id.* at 649-50, 111 S.Ct. 2491 (Scalia, J., concurring in the judgment) ("As the plurality observes, it has long been the general rule that when a single crime can be committed in various ways, jurors need not agree upon the mode of commission.... When a woman's charred body has been found in a burned house, and there is ample evidence that the defendant set out to kill her, it would be absurd to set him free because six jurors believe he strangled her to death (and caused the fire accidentally in his hasty escape), while six others believe he left her unconscious and set the fire to kill her.") (citations omitted). Five Justices agreed in *Schad* that jurors need not reach unanimity as to the means of committing a crime, and where the Court has gone, we have followed. *See United States v. Kayode*, 254 F.3d 204, 214 (D.C.Cir.2001) (holding that where statute required possession of five false documents, jury need not agree on which five documents were false, *citing Schad* ); *United States v. Harris*, 959 F.2d 246, 255 (D.C.Cir.1992) (holding that where statute required five members of criminal enterprise, jury need not agree on which five people were members, *citing Schad).*

*United States v. Hurt*, 527 F.3d 1347, 1352–53 (D.C. Cir. 2008).

        Respectfully submitted,

        JESSIE K. LIU  
        UNITED STATES ATTORNEY  
        D.C. Bar Number 472845

        _____/s/_____  
        Michael C. DiLorenzo  
        MD Bar No. 931214 0189  
        Julieanne Himelstein  
        D.C. Bar No. 417136  
        Opher Shweiki  
        D.C. Bar No. 458776  
        John Crabb Jr.  
        N.Y. Bar No. 2367670  
        Assistant United States Attorneys  
        National Security Section  
        United States Attorney's Office  
        555 4th Street, N.W.  
        Washington, D.C. 20530  
        (202) 252-7809  
        michael.dilorenzo@usdoj.gov